UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**KRIS OLSSON**                                                                                                    **PETITIONER**

v.                                                                                     **CIVIL ACTION NO. 4:16CV-P37-JHM**

**JUDGE JOE CASTLEN** *et al.*                                                                    **RESPONDENTS**

## MEMORANDUM OPINION

Petitioner Kris Olsson, a *pro se* prisoner at the Daviess County Detention Center (DCDC), initiated this action by filing, on his own paper, a handwritten document titled "Interlocatory Writ" (DN 1). Therein, he stated that he is being held in DCDC on a charge of first degree manslaughter. He indicated that he had to fire his court-appointed attorney because it was "evident she was sending me up the river – could not trust her. HER two underlings were appointed." He claimed that there was a previous conflict with counsel and that his counsel refused to file any motions. He also alleged that the "Prosecutor and/or the Police have this case exactly backwards – I'm the victim, not him." He asked the Court to "Please Take Notice and set a hearing on the First possible court date." Thereafter, Petitioner filed another handwritten document on his own paper also titled "Interlocatory Writ" (DN 3). In that filing, Petitioner asked the Court "to Review Judge Joe Castlen" and reiterated assertions made in the first filing.

Upon review of the filings, the Court, by prior Order (DN 4), construed them as seeking habeas relief pursuant to 28 U.S.C. § 2241, *see Phillips v. Court of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012) ("We have long recognized that pretrial detainees pursue habeas relief . . . under § 2241."), and directed Petitioner to file his petition on a form. Petitioner complied, and the § 2241 petition (DN 5) is now before the Court on preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases to determine whether "it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1] If the petitioner is not entitled to relief, the petition must be summarily dismissed. For the reasons that follow, the Court will summarily dismiss the § 2241 petition.

## I.

In the § 2241 habeas petition, Petitioner challenges his state pretrial detention with respect to Daviess Circuit Court Case No. 15-CR-00708 and raises the following three grounds for relief: (1) Petitioner "Didn't violate the Law"; instead the Owensboro Police Department tampered with evidence; (2) Petitioner had a conflict of interest with appointed counsel; and (3) the prosecutor tried the case in the news media. As to the first and third grounds, Petitioner indicates that he did not exhaust his state court remedies because the case is still in state court. With respect to ground two, the conflict of interest with appointed counsel, he alleges that he exhausted that claim because he "complained on record in state court." As relief, Petitioner asks this Court to dismiss his state case with prejudice and to "arrest and charge police who 'tampered with evidence.'"

A petitioner may bring a habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial, but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Although § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the

---

[1] Rule 4 applies to § 2241 petitions pursuant to Rule 1(b) of the Rules Governing § 2254 cases.

petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) special circumstances warrant federal intervention. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983) ("[T]he writ of habeas corpus is not a substitute for a regular route of appeal."); *see also Bronston v. Sabbatine*, No. 93-5648, 1993 WL 473792, at *1 (6th Cir. Nov. 16, 1993); *Moore v. Federspiel*, No. 2:09-CV-12673, 2009 WL 2170168, at *1-2 (E.D. Mich. July 20, 2009). The Sixth Circuit Court of Appeals has found the three following exceptions to when a federal court may consider a pretrial § 2241 habeas petition: (1) when a petitioner seeks a speedy trial, *see Atkins*, 644 F.2d at 546-47; (2) when a petitioner seeks to avoid a second trial on the grounds of double jeopardy, *see Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989).

None of these exceptions is present here. Even if the Court could consider his claims, Petitioner fails to demonstrate exhaustion of available state court remedies, and he can still present any constitutional claims during the course of his criminal trial, on direct appeal, and, if applicable, through a properly filed state collateral attack. *See, e.g.*, *Thacker v. Rees*, No. 86-5973, 1988 WL 19179, at *6 (6th Cir. Mar. 8, 1988) ("Under Kentucky law, claims of ineffective assistance of counsel are to be addressed initially to the trial court through an RCr 11.42 motion.").

To rule on the merits of his petition at this time would undermine the legitimate interests of federalism by "derail[ing] . . . a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493. Accordingly, the Court will dismiss the § 2241 petition as premature.[2]

## II.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability (COA) may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. When, however, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

---

[2] Petitioner additionally asks the Court to "arrest and charge police who 'tampered with evidence.'" Neither this Court nor a private citizen has authority to institute federal criminal actions. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986) (stating that the authority to initiate a criminal complaint rests exclusively with state and federal prosecutors).

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable or wrong.  Thus, a COA is not warranted.

The Court will enter an Order consistent with this opinion.

Date: November 18, 2016

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:   Petitioner, *pro se*
      Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4414.005

5